### DITTON v. MORGAN ET AL.

LIQUOR LAW.—*Act of* 1873.—*Section* 12.—*Causing Intoxication.*—*Pleading.*—
In an action against a liquor dealer, under section 12 of the act of February 27th, 1873, (Acts 1873, p. 151) to regulate the sale of intoxicating liquors, etc., for damages resulting to the plaintiff by the intoxication of a certain person, the complaint alleged that the defendant "sold, bartered or gave, or permitted to be sold, bartered or given, to" such person, in the defendant's "saloon a quantity of intoxicating liquor, which" such person "then and there, in and upon said premises, drank," and thereby became, "in whole or in part, intoxicated."
*Held*, on demurrer, that such allegation does not show that the defendant had "caused" such intoxication, and the complaint is therefore insufficient.

From the Huntington Circuit Court.

*C. Cowgill, M. H. Kidd* and *C. E. Cowgill*, for appellant.

WORDEN, J.—This action was brought by the appellees, against the appellant, William Ditton, and Charles Ditton, in the Wabash Circuit Court, and taken by change of venue to the Huntington Circuit Court.

A demurrer was sustained to the complaint, as to Charles Ditton, and such proceedings were had, as that final judgment was rendered for the plaintiffs, against William Ditton, who appeals to this court.

The complaint consisted of two paragraphs, to each of

which the appellant filed a demurrer for want of sufficient facts, but the demurrers were overruled, and the appellant excepted. Error is assigned upon each of these rulings.

The complaint was as follows:

"Plaintiffs complaining of defendants, and for cause of action, say: That Daniel O. Morgan is the husband of said plaintiff Martha E., and father of said plaintiffs Sarah J., Oliver, Ida M., Louella, Della A. and Stella L., who are minors of the ages of fifteen, twelve, ten, six, three and one years, respectively. That said Daniel O. is a person who is in the habit of becoming intoxicated, whenever he can get liquor on which to get intoxicated. That when so intoxicated he is a vicious and dangerous man, and is liable to do great bodily injury to plaintiffs' and to others. That said Daniel O. is a poor man, of very limited means. That plaintiffs are dependent upon him for their support and protection. That he obtains his support, and that of plaintiffs, by day-labor. That defendant William Ditton is a saloon keeper, and engaged in the sale of intoxicating liquors. That his saloon, in which he does business, is in and upon the premises of said defendant Charles Ditton, being eighteen and two-thirds feet off of the north end of lot No. 28, original plat of Wabash, in said county, and plaintiffs aver that said saloon is kept in and upon said premises, with the knowledge and consent of said Charles. That said Charles knowingly permitted the sale of intoxicating liquors by the said William, in and upon said premises, and knew that persons had become intoxicated, in part or in whole, from the drinking of said liquors thus sold. And plaintiffs aver, that on the 16th day of October, 1873, said defendant William, by himself or agent or employee, well knowing the vicious and intemperate habits of said Daniel O., sold, bartered or gave, or permitted to be sold, bartered or given, to the said Daniel O., in his said saloon, a quantity of intoxicating liquor, which said Daniel O. then and there, in and upon said premises, drank. And plaintiffs

aver, that by the drinking of said liquors, as aforesaid, said Daniel O. became, in whole or in part, intoxicated. That in consequence of said intoxication, and while so intoxicated, said Daniel O. lost, squandered, or had stolen from him, a large sum of money, to wit, fifty dollars, which should have gone to, and was necessary for, the support of plaintiffs. That owing to said intoxication, said Daniel O. was unable to find his way home, and had to remain out of doors, in the cold and storm, all night of said 16th. That during all of said night plaintiffs were anxious and uneasy, and had great fears for his safety and well-being, and in consequence of which they suffered greatly in body and mind. That while said Daniel O. was so intoxicated and wandering about, trying to find his way home, he upset the buggy in which he was riding, and greatly injured himself, and also the horse attached to the buggy, which horse and buggy belonged to his employers, and at the same time broke and wasted a large amount of medicine, belonging, and thereby creating a large liability, to said employers, in the sum of fifty dollars, which will greatly affect plaintiffs' means of support, he having left them almost entirely destitute of food to eat and clothing to protect them from the cold. That the winter storms are coming on, and most of them are barefooted, and without means to get shoes. That during said absence of said Daniel O. they have suffered greatly for want of food and clothing. Plaintiffs allege, that in consequence of said sale or giving away of said liquor by said William, his agent or employee, to said Daniel O., they have been damaged in the sum of two thousand dollars. Wherefore they demand judgment in the sum of two thousand dollars, that said Martha E. have entire control of the same, and for all further relief.

" Second paragraph. Plaintiffs, complaining of defendants, say: That Daniel O. Morgan is the husband of said plaintiff Martha E., and the father of said plaintiffs Sarah J., Oliver, Ida M., Louella, Della A. and Stella L.

That all of said plaintiffs, except said Martha E., are minors, and of the ages of fifteen, twelve, ten, six, three and one years, respectively. That said Daniel O. is a person who is in the habit of becoming intoxicated, on every occasion when he can get liquor on which to get intoxicated, and when so intoxicated is a vicious and dangerous man. That said Daniel O. is a poor man, of very limited means. That plaintiffs are dependent upon him for their support and protection. That said Daniel O. obtains his support, and that of the plaintiffs, by day-labor. That defendant William Ditton is a saloon keeper, and engaged in the sale of intoxicating liquors. That his saloon, where he sold liquors, is in and upon the premises of said Charles Ditton, and is there kept with the knowledge and consent of said Charles. That said Charles knowingly permitted the sale of intoxicating liquors, by said William, on said premises, and knew that persons had become intoxicated, in whole or in part, from the drinking of said liquors so sold; the said premises being eighteen feet off of the north end of lot twenty-eight, in the original plat of the city of Wabash, in said county. That on or about the 16th day of October, 1873, said defendant William Ditton by himself, agent or employee, well knowing the intemperate and vicious habits of said Daniel O., sold, bartered or gave, or permitted to be sold, bartered or given, to said Daniel O., in his said saloon, a quantity of intoxicating liquor, which said Daniel O. then and there, in and upon said premises, drank. And plaintiffs aver, that by the drinking of said liquor as aforesaid, said Daniel O. became in whole or in part intoxicated. Wherefore they say, that in consequence of the said sale and the intoxication of said Daniel O., they are damaged in the sum of two thousand dollars, for which they demand judgment and all proper relief."

The complaint is based upon the 12th section of the act of February 27th, 1873, to regulate the sale of intoxicating liquors, etc., (Acts 1873, p. 151,) which provides, that

" every husband, wife, child, parent, guardian, employer, or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her name, severally or jointly, against any person or persons who shall, by selling, bartering or giving away intoxicating liquors, have caused the intoxication, in whole or in part, of such person," etc.

It will be seen, that to make a case within this provision of the statute, the party charged must have caused the intoxication, in whole or in part, by selling, bartering or giving away intoxicating liquor. This is not charged in either paragraph of the complaint.

The first paragraph charges, that the defendant William " sold, bartered or gave, or permitted to be sold, bartered or given to the said Daniel O., in his said saloon, a quantity of intoxicating liquor, which the said Daniel O., then and there, in and upon said premises, drank." The averment, thus in the alternative, is no better than if it had been simply that the defendant permitted the liquor to be sold, bartered or given to Morgan, in the defendant's saloon, and that Morgan then and there drank it.

The allegation may be true, and yet the defendant may have refused to either sell, barter or give to Morgan any liquor whatever, but some friend of Morgan may have been present, with a flask of liquor in his pocket, out of which he may have treated Morgan, with the permission of the defendant. Or some one else may have procured liquor from the appellant, and, having procured it, he may have given some of it to Morgan. This would not make the defendant liable under the statute.

The same objection exists to the second paragraph of the complaint. Each paragraph was radically defective, and the demurrer to each should have been sustained. We have not considered whether the complaint was good, in other respects.

The judgment below is reversed, with · costs, and the cause remanded for further proceedings · in accordance with this opinion. ·