ESTHER FORD, RESPONDENT, *v.* JOHN P. AMES, APPELLANT.

*Pleadings — to be liberally construed — what is a sufficient statement of a cause of action under the civil damage act.*

The complaint in this action alleged that the plaintiff was the wife of one Amos Ford; that the defendant, at the time therein mentioned, kept a place in Ogdensburg at which intoxicating liquors were sold; that on August twentieth, while the defendant was in possession of said premises, the plaintiff's husband became intoxicated; " that said intoxication was caused in whole or in part by intoxicating liquors sold or given away by the said Ames, his agents or servants, at and upon said place; " that while so intoxicated, and in consequence thereof, her husband was drowned, and by reason thereof the plaintiff was injured in her property and means of support, for which latter she was wholly dependent upon said Amos Ford.

*Held*, that the complaint sufficiently alleged a sale or giving away of intoxicating liquors by the defendant to the husband to justify the court in overruling a demurrer interposed to the complaint upon the ground that the facts stated therein did not constitute a cause of action. (LANDON, J., dissenting.)

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer to the complaint.

The action is brought under the civil damage act. (Laws 1873, chap. 646.)

The plaintiff alleged " that at the time of the death of Amos Ford, hereinafter mentioned, she was the wife of said Ford and is now his widow.

" That the defendant, at the city of Ogdensburg, during the time hereinafter mentioned, kept a certain place situate on Isabella

street, in said city, for the purpose of selling intoxicating liquors, and at which place intoxicating liquors were sold.

"The plaintiff further shows that on the 20th day of August, 1883, and while said Ames was in possession of said premises, and running the said bar, the said Amos Ford became and was intoxicated, at the said city of Ogdensburg, in said county; that said intoxication was caused in whole or in part by intoxicating liquors sold or given away by the said Ames, his agents or servants, at and upon said place. That while so intoxicated, and in consequence of said intoxication, the said Amos Ford was drowned.

"This plaintiff further shows that she was wholly dependent upon the said Amos Ford for her means of support. That by reason of the intoxication of the said Amos Ford, caused as aforesaid, and of the death of the said Amos Ford, caused by said intoxication, this plaintiff has been injured in her property and means of support. That by reason of the aforesaid, plaintiff has sustained damages in the sum of $10,000."

*William Peters*, for the appellant.

*Nelson L. Robinson*, for the respondent.

LEARNED, P. J. :

Pleadings are to be liberally construed with a view to substantial justice. (Code, § 519.) Nothing to the contrary is decided in *Clark* v. *Dillon* (97 N. Y., 371). All that was decided there (if even that was decided) was that a denial of the allegations in the complaint not hereinbefore specifically admitted, qualified or denied, did not deny a certain allegation of the complaint. And the question did not arise on demurrer; and further, the court held that there was evidence to prove the fact.

The statute (Laws 1873, chap. 646) says that "every  *  *  * wife  *  *  * who shall be injured in  *  *  * property or means of support  *  *  * in consequence of the intoxication  *  *  * of any person, shall have a right of action  *  *  * against any person or persons who shall, by selling or giving away intoxicating liquors, caused the intoxication in whole or in part of such person."

The demurrer admits that by reason of the intoxication of Amos

Ford, caused as stated in the complaint, the plaintiff has been injured in her property and means of support; that said intoxication was caused in whole or in part by intoxicating liquors sold or given away by the defendant. This admits all the facts which the statute says give a right of action. It admits that the defendant sold or gave away intoxicating liquors at a certain place, and it admits that these liquors caused the intoxication of Amos Ford; that by reason of such intoxication, viz. : through the death of Amos Ford, caused thereby, the plaintiff, his widow, who had been wholly dependent on him for support, was injured in property and means of support.

The defendant's argument is that it is not asserted that the defendant sold or gave the liquors to Amos Ford. He cites a case of *Bush* v. *Murray* (66 Maine, 472). Cases in other States have no authority with us, though they may be useful as arguments. In that case it was charged on the trial that if the defendant sold the liquor to a third person, who gave it to the person who became intoxicated, then the defendant was not liable, and this charge was held to be correct. That may be sound in this State. But it does not touch the question of pleading.

The case of *Ditton* v. *Morgan* (56 Ind., 60) does not apply. The complainant averred that defendant " sold, bartered or gave, or *permitted* to be sold, bartered or given," etc. This allegation, as the court said, was no better than an allegation of *permission*, which was not the act specified in the statute.

But in the present case we have the allegation, admitted by the demurrer, that the intoxication was caused by liquors sold or given away by defendant. And this is exactly what the statute specifies as a ground of action. Whether or not the statute implies a selling or giving *to* the intoxicated person we need not decide. It must certainly be enough, in a pleading, to aver facts which come within the language of the statute. (*Ford* v. *Babcock*, 2 Sand. Sup. Ct., 518 at 523.)

Probably no one would claim that the wholesale dealer would be liable for damages arising from intoxication caused by a sale of liquors by the retail dealer. But, on the other hand, it is not clear that if two persons go to a retail dealer's shop, and one of those persons " treats " the other, and that other becomes intoxicated, the

retail dealer may not be liable. Yet it could be argued that he neither sold nor gave to the intoxicated person. And, therefore, it may have been intentional that the statute was not limited to a sale or giving *to* the intoxicated person.

If those are the circumstances of this present case, there may have been good reason why the pleader would not aver a sale or giving by the defendant to Amos Ford.

The principal object of a complaint is to inform the defendant of the claim made against him. No one can doubt that the defendant in this case fully knows what the cause of action is which the plaintiff alleges that she has. Whether she has a claim or not can be only determined on the trial. It is our duty to disregard any error or defect which does not affect the defendant's substantial rights. (Code, § 723.) What substantial right of the defendant is affected, even if it should be admitted that better pleading would have added the words, " to Amos Ford ? "

The judgment should be affirmed, with costs, with leave to defendant within twenty days after notice, on payment of costs, to withdraw his demurrer and answer over.

BOCKES, J., concurred.

LANDON, J. (dissenting):

I cannot concur. The statute gives the right of action against the person who caused the intoxication "by selling or giving away intoxicating liquors." This comprehensive and general expression was, no doubt, intended to cover all cases of proximate cause. These cases may arise in numerous and various ways. A complaint " must contain a plain and concise statement of the facts constituting each cause of action." To state the facts constituting the cause of action, it must be necessary to state facts that do constitute it, not facts that may or may not constitute it. And this is the vice of this complaint — the facts stated may or may not constitute a cause of action, dependent upon the unstated fact whether the intoxication was proximately or remotely caused by the liquor sold or given away by the defendant. It is not charged that it was sold or given to the person who became intoxicated, or whether the defendant, by selling or giving it away, was the immediate cause of the liquor reaching such person. For aught that appears,

he was many removes from that person; and was nearly as remote a cause of his intoxication as the person who grew the grain from which the liquor was distilled. Ordinarily, it may be enough to charge the defendant with the acts specified in the statute, but when a statute is in such general terms as to cover cases which admit both of a recovery and a non-recovery, it does not seem too exacting to require the pleader to bring himself within the case of a recovery.

I advise that the demurrer be allowed.

Judgment affirmed, with costs, with leave to withdraw demurrer and answer in twenty days on payment of costs.